**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LESLIE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00477 |
| | ) |
| DENISE LAWHORN, | ) |
| | ) |
| Defendant. | ) |

**SECOND AMENDED COMPLAINT**

Plaintiff, Leslie Patterson, by counsel, states as follows for his Second Amended Complaint against Defendant Denise Lawhorn:

**INTRODUCTION**

1.       This case involves the persecution of an African-American pastor, Bishop Leslie Patterson, and his wife, Dr. Francene Patterson, by John Hawse and Denise Lawhorn, two agents of the Virginia Department of Taxation.  The pattern of persecution began in October of 2012, when agents had Bishop and Dr. Patterson arrested on felony charges of embezzlement, filing false tax returns and receiving money under false pretenses.

2.       After these charges were dismissed in the Pattersons' favor, Hawse and Lawhorn had new misdemeanor charges brought against Bishop Patterson based on *his church's* alleged failure to file returns and pay taxes, even though the tax returns on which the charges were based had been filed and the taxes had been paid at the time Bishop Patterson was arrested.  These charges, too, were dismissed.

3.       Having failed in their attempts to convict the Pattersons of crimes, Hawse and Lawhorn then opened a fraud investigation into the Pattersons' church, and placed a lien on the

church property.  That investigation has now been terminated and the lien released, without any finding of fraud on the part of the either of the Pattersons or their church.

4.      Bishop Patterson now brings claims against Lawhorn for (i) unreasonable seizure based on 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution, and (ii) malicious prosecution under Virginia law.

### THE PARTIES

5.      Plaintiff Bishop Leslie Patterson ("Bishop Patterson") is the pastor of First Baptist Church of Sterling ("First Baptist") and is a resident of Prince William County, Virginia.

6.      At all times pertinent to this lawsuit, Defendant Denise Lawhorn ("Lawhorn") was an investigating agent of the Virginia Department of Taxation.  Upon information and belief,[1] Lawhorn now works for the Virginia Department of Forestry.  Lawhorn is sued only in her individual capacity.

7.      At all times pertinent to this litigation John Hawse ("Hawse"), was an investigating agent with the Virginia Department of Taxation.  Upon information and belief, Hawse has since retired from the Department.  Hawse is not a Defendant in this Second Amended Complaint.[2]

8.      Upon information and belief, all actions herein alleged to have been undertaken by either Lawhorn or Hawse were undertaken pursuant to a joint plan between them.

---

[1]      Insofar as this Second Amended Complaint makes any allegation "upon information and belief," it shall mean that the allegation will likely have evidentiary support after a reasonable opportunity for further investigation in discovery.

[2]      Hawse was named as a Defendant in the Complaint and Amended Complaint, but dismissed by Order of the Court on June 30, 2015.  Plaintiff reserves all rights with respect to any claims that might be brought against Hawse.

## FACTS

### First Baptist Church

9.     Bishop Patterson has served as pastor of First Baptist since 1995.  His wife, Dr. Patterson, serves as co-pastor and helps run the church's daycare center, King Solomon's Christian Academy, and other aspects of the church's ministry.

10.    Following the departure of a number of disgruntled members of the church in 2007, First Baptist encountered financial difficulties and filed for Chapter 11 bankruptcy.  Upon reorganization, the bankruptcy court dismissed the bankruptcy filing.

11.    While recovering from bankruptcy, First Baptist could not afford to hire an accountant, and instead, a volunteer Chief Financial Officer and bookkeeper handled the church's finances.

12.    Unfortunately, due to mistakes by the volunteer CFO and bookkeeper, employees of the daycare center were reported on the wrong employer account number, which caused certain filings to be missed and/or misstated.  Bishop Patterson was not the person responsible for these missed and/or misstated filings.

13.    In May of 2011, First Baptist contacted the Department of Taxation by counsel to set up a payment plan for unpaid taxes for the years 2008, 2009 and 2010. Although the church initially believed it owed approximately $10,000 for these years, after its accounts eventually were audited by a certified public accountant hired by the church, the actual amount owed was less than $7,000.

14.    The church's counsel was advised by Department of Taxation Agent Hawse that, in order for a payment plan to be set up, the Church needed to file its late returns and the pastor had to accept personal responsibility for tax years 2007 through 2010.

15.     In a show of good faith, and to assist the church in settling its tax debt, Bishop Patterson voluntarily signed the letter of responsibility for church taxes between 2007 and 2011. The letter was signed on the advice of counsel and at the request of the Virginia Department of Taxation.  Hawse insisted on witnessing the signing of the letter and was present when the letter was signed.

16.     In no way did Bishop Patterson ever indicate that, by signing the letter, he was somehow retroactively accepting criminal responsibility for any acts or omissions related to any missed and/or misstated tax filings, nor did he otherwise indicate that he was the individual responsible for any tax filings at the time such filings were missed or misstated, nor was he responsible for any tax filings at the time such filings were missed or misstated.

17.     At no point did either Hawse or Lawhorn (or any other person) indicate to Bishop Patterson that, by signing the letter, he was somehow retroactively accepting criminal responsibility for any acts or omissions related to any missed and/or misstated tax filings, nor did anyone otherwise indicate to Bishop Patterson that, by signing the letter, he was stating that he was the individual responsible for any tax filings at the time such filings were missed or misstated in years past.

18.     Lawhorn and Hawse knew the limited purpose for which Bishop Patterson signed the letter, but nevertheless chose to use the letter in an effort to portray Bishop Patterson as having engaged in criminal conduct.  Indeed, on information and belief, when the letter was presented to Bishop Patterson, Hawse and Lawhorn had already formulated a plan under which they would first induce Bishop Patterson to sign the letter by presenting it as part of a civil settlement of tax issues with the church, and the misuse the letter to bring criminal charges against Bishop Patterson.

4

**Felony Charges**

19.     On October 27, 2011, without notice or any explanation, Bishop Patterson and Dr. Patterson were arrested at their home in Prince William County.  The arrests were based on warrants prepared by Lawhorn and Hawse.  Some of the warrants were sworn out by Lawhorn and others were sworn out by Hawse.

20.     Upon information and belief, Lawhorn and Hawse charged Bishop Patterson and Dr. Patterson with one or more of the felonies after having noted certain deposits and withdrawals from their bank account(s).

21.     In fact, the deposits in question were attributable to (a) the sale of a car that had been gifted to the Pattersons by a church member, and which therefore was non-taxable; and (b) a payment of previously unpaid back parsonage allowance, as approved by the bankruptcy court, which was non-taxable pursuant to 26 U.S.C. § 107 and Virginia Code § 58.1-322.  The funds withdrawn from the Pattersons' accounts were used to pay employees of the church, because of the church's financial difficulties.

22.     Unfortunately, neither Lawhorn nor Hawse bothered to ask Bishop Patterson or Dr. Patterson about these deposits or withdrawals.  Instead, and, upon information and belief, they initiated criminal charges against the Pattersons.

23.     The felony warrants included the following:

    a.  felony embezzlement in violation of Virginia Code § 18.2-111, in Loudoun County General District Court;

    b.  felony filing false tax returns in violation of Virginia Code § 58.1-348, Tax Year 2007, Case No. C11-14404 (**Exhibit 1**); Tax Year 2008, Case No. C11-14405 (**Exhibit 2**); Tax Year 2009, Case No. C11-14406 (**Exhibit 3**); and Tax Year

5

2010, Case No. C11-14407 (**Exhibit 4**), all in Prince William County General District Court;

c.   felony receiving money under false pretenses in violation of Virginia Code § 18.2-178, Tax Year 2007, Case No. C11-14403 (**Exhibit 5**); and Tax Year 2008, Case No. C11-14402 (**Exhibit 6**), both in Prince William County General District Court.

24.   The felony warrants which, upon information and belief, were prepared by Lawhorn and Hawse, did not contain any description of the facts that led to the charges being filed, but instead simply tracked the language of the statutes cited.

25.   A preliminary hearing was held in Loudoun County General District Court on or around October. 14, 2012.  Hawse testified at the preliminary hearing.  During his testimony, Hawse admitted that the only "evidence" he had of embezzlement was the letter of responsibility that he had had Bishop Patterson sign.

26.   The Loudon County General District Court dismissed the embezzlement charges for lack of evidence on or around February 27, 2012.

27.   In Prince William County, the Commonwealth agreed to drop all charges against Dr. Patterson if Bishop Patterson would agree to provide the Department of Taxation a copy of amended personal tax returns for 2007, 2008, 2009 and 2010.  Bishop Patterson agreed to do so, and the charges against Dr. Patterson were dropped.

28.   Bishop Patterson provided the amended tax returns requested to the Department of Taxation in June of 2012.

29.     Neither the original tax returns nor the amended tax returns provided any cause to believe that Bishop Patterson had engaged in any criminal conduct, and the Commonwealth dropped all remaining charges against Bishop Patterson on or around June 19, 2012.

### Misdemeanor Charges

30.     Having been thwarted in their efforts to prove felony charges against the Pattersons, but refusing to relent in their efforts to find some crime with which to charge them, Lawhorn and Hawse then sought misdemeanor warrants against Bishop Patterson.

31.     On or around June 29, 2012, the Lawhorn and Hawse had Bishop Patterson arrested and charged again, this time with seven misdemeanors under Virginia Code § 58.1-1815, for First Baptist's supposed failure to file and failure to pay withholding taxes.  The warrants covered the following periods:  Q2 April - June 2009 (**Exhibit 7**); Q3 July - September 2009 (**Exhibit 8**); Q4 October - December 2009 (**Exhibit 9**); Q1 January – March 2010 (**Exhibit 10**); Q2 April - June 2010 (**Exhibit 11**); Q3 July - September 2010 (**Exhibit 12**); Q4 October - December 2010 (**Exhibit 13**).

32.     Just like the felony warrants, the misdemeanor warrants which, upon information and belief, were prepared by Lawhorn and Hawse, and which were signed by Lawhorn, contained no description of facts on which the charges were based, but simply tracked the language of the statues Bishop Patterson was charged with violating.

33.     In the misdemeanor warrants, Lawhorn swore that Bishop Patterson was the "person required to collect, account for, and remit Va withholding tax," even though Lawhorn and Hawse knew that, on the dates Lawhorn provided on the misdemeanor warrants, on which the alleged crimes took place, Bishop Patterson was not the person responsible for collecting, accounting for or remitting the taxes.

34.     The felony warrants for embezzlement were the subject of a Complaint filed by Bishop Patterson, *pro se* in the U.S. District Court for the Eastern District of Virginia in 2014; however, Bishop Patterson named in the now-dismissed Complaint the Virginia Department of Taxation, rather than Lawhorn and Hawse.  While the embezzlement charges help show the pattern of wrongful actions taken against Bishop Patterson by Lawhorn and Hawse, they are not subject of any of the counts of this Second Amended Complaint.

35.     The other felony warrants were the subject of a Complaint that was timely filed by Bishop Patterson in the Circuit Court of Prince William County, but not served.  Said Complaint was non-suited within six months before the filing of this Second Amended Complaint, thereby bringing the count based on these other felony warrants within the applicable statute of limitations.

36.     Lawhorn and Hawse also sought the misdemeanor warrants despite the fact that the taxes in question were paid and the church's VA-5 and VA-6 tax return forms were filed months prior to the Department of Taxation filing these misdemeanor charges.

37.     During this period, the church hired a certified public accountant ("CPA"), to review its financial records, determine tax liabilities, refile returns where necessary and ensure all liabilities were paid.  In August 2012, the CPA filed amended VA-5 and VA-6 returns on behalf of the church, for 2009 and 2010, including W2s for employees.  The amended returns reflected the fact that the church had *overpaid* the Department of Taxation by more than $3,000 for the years covered by the misdemeanor charges.

38.     All of the misdemeanor charges against Bishop Patterson were *nolle prossed* on October 24, 2012, when the Commonwealth's Attorney could produce no evidence from Lawhorn and Hawse or the Department of Taxation to support them.

**Fraud Penalties**

39.     Having failed in their effort to pursue both felony and misdemeanor charges against the Pattersons, Lawhorn and Hawse still were intent on finding some way to punish the church.

40.     Thus, on October 10, 2012, at the behest of Lawhorn (who then foresaw the pending *nolle prosse* of the misdemeanor charges), the Department of Taxation assessed fraud penalties for quarterly returns Q1 2008 through Q1 2011.  The reason for these fraud penalties has never been explained.

41.     Additionally, a little over a week before the Pattersons and their church was to celebrate Christmas, on December 13, 2012, the Department of Taxation placed a lien on the church's property.   This lien was only lifted after counsel for the church intervened with the Department of Taxation.

42.     Following additional communications from the church's counsel, including a lengthy letter explaining the history of the Pattersons' and the church's persecution at the hands of Lawthorn and Hawse, as well as the Department of Taxation, on July 3, 2014, the Department of Taxation finally wrote Bishop Patterson and the church, stating that "doubtful liability exists in this case," and concluding that the penalties against the church and Bishop Patterson would be abated.

43.     As of July 1, 2013, the Department of Taxation's criminal investigative unit, in which Lawhorn and Hawse served as agents, was eliminated.  Lawhorn and Hawse are no longer employed with the Department.

44.     Bishop Patterson and Dr. Patterson have reached out to the Department of Taxation in an effort to determine the basis for the actions by Lawhorn, Hawse and the

Department.  To date, the Department has not provided any explanation for its actions or those of its agents, Lawhorn and Hawse.

45.     Each of the criminal prosecutions initiated against Bishop Patterson was (i) malicious, (ii) instituted by or with the cooperation of both Lawhorn and Hawse, (iii) without probable cause, and (iv) terminated in a manner not unfavorable to Bishop Patterson.

46.     Each of the criminal prosecutions initiated against Bishop Patterson was the result of actions taken by Lawhorn and Hawse under color of state law and with a reckless and callous disregard for Bishop Patterson's federally protected rights, and/or with actual malice toward Bishop Patterson.

47.     Each of the criminal prosecutions instituted against Bishop Patterson was based on representations by Lawhorn and/or Hawse that (i) contained explicit or implicit material misrepresentations of fact and law, and/or (ii) omitted material facts which, if disclosed, would have shown a lack of probable cause, and/or (iii) were so lacking in any indicia of probable cause that any reasonably well-trained agent would have known that they failed to demonstrate probable cause.

48.     Notwithstanding the dismissal of all charges against Bishop Patterson and Dr. Patterson, Bishop Patterson suffered great harm as the result of the aforesaid actions of Lawhorn and Hawse.  Such harm includes, but is not limited to, the following:

(a)     Bishop Patterson was deprived of his liberty in that he was arrested, seized, taken into custody, forced to confine his freedom of bodily movement, forced to absent himself from his preferred venues and repeatedly to present himself in the Prince William County Courthouse at criminal proceedings against him.

(b)      Bishop Patterson was forced to expend sums of money on attorney's fees and to incur other expenses in order to defend himself against the criminal charges, said loss also being a deprivation of property.

(c)      As the result of the foregoing, Bishop Patterson suffered great humiliation and embarrassment, damage to his reputation, and great inconvenience and interference with his life.

### COUNT 1
### Felony Warrant for Tax Year 2007, Filing False Tax Returns
### Malicious Prosecution
### Virginia Law

49.      The foregoing paragraphs are incorporated by reference as if set forth fully herein.

50.      By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

### COUNT 2
### Felony Warrant for Tax Year 2007, Filing False Tax Returns
### Unreasonable Seizure
### Fourth and Fourteenth Amendments to the United States Constitution

51.      The foregoing paragraphs are incorporated by reference as if set forth fully herein.

52.      As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

53.      By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as

punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

## COUNT 3
### Felony Warrant for Tax Year 2008, Filing False Tax Returns
### Malicious Prosecution
### Virginia Law

54.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

55.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

## COUNT 4
### Felony Warrant for Tax Year 2008, Filing False Tax Returns
### Unreasonable Seizure
### Fourth and Fourteenth Amendments to the United States Constitution

56.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

57.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

58.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 5**
**Felony Warrant for Tax Year 2009, Filing False Tax Returns**
**Malicious Prosecution**
**Virginia Law**

59.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

60.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 6**
**Felony Warrant for Tax Year 2009, Filing False Tax Returns**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

61.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

62.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

63.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 7**
**Felony Warrant for Tax Year 2010, Filing False Tax Returns**
**Malicious Prosecution**
**Virginia Law**

64.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

65.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for

actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 8**
**Felony Warrant for Tax Year 2010, Filing False Tax Returns**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

66.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

67.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

68.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 9**
**Felony Warrant for Tax Year 2007, Receiving Money under False Pretenses**
**Malicious Prosecution**
**Virginia Law**

69.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

70.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 10**
**Felony Warrant for Tax Year 2007, Receiving Money under False Pretenses**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

71.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

14

72.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

73.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 11**
**Felony Warrant for Tax Year 2008, Receiving Money under False Pretenses**
**Malicious Prosecution**
**Virginia Law**

74.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

75.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 12**
**Felony Warrant for Tax Year 2008, Receiving Money under False Pretenses**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

76.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

77.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

78.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as

punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

## COUNT 13
### Warrant for Q2 April - June 2009
### Malicious Prosecution
### Virginia Law

79.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

80.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

## COUNT 14
### Misdemeanor Warrant for Q2 April - June 2009
### Unreasonable Seizure
### Fourth and Fourteenth Amendments to the United States Constitution

81.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

82.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

83.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

## COUNT 15
### Misdemeanor Warrant for Q3 July - September 2009
### Malicious Prosecution
### Virginia Law

84.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

85.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 16**
**Misdemeanor Warrant for Q3 July - September 2009**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

86.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

87.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

88.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 17**
**Misdemeanor Warrant for Q4 October - December 2009**
**Malicious Prosecution**
**Virginia Law**

89.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

90.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place under color of state law and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 18**
**Misdemeanor Warrant for Q4 October - December 2009**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

91.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

92.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and

his property without due process of law, including but not limited to his right not be arrested or

subjected to criminal prosecution without probable cause.

93.     By her actions as alleged herein, all of which took place under color of state law,

and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as

punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable

federal law.

**COUNT 19**
**Misdemeanor Warrant for Q1 January - March 2010**
**Malicious Prosecution**
**Virginia Law**

94.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

95.     By her actions as alleged herein, which were malicious, willful and/or purposeful,

and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for

actual damages as well as punitive damages, based on malicious prosecution as defined by

applicable Virginia law.

**COUNT 20**
**Misdemeanor Warrant for Q1 January - March 2010**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

96.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

97.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

98.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 21**
**Misdemeanor Warrant for Q2 April - June 2010**
**Malicious Prosecution**
**Virginia Law**

99.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

100.    By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 22**
**Misdemeanor Warrant for Q2 April - June 2010**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

101.    The foregoing paragraphs are incorporated by reference as if set forth fully herein.

102.    As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

103.    By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as

punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

## COUNT 23
### Misdemeanor Warrant for Q3 July - September 2010
### Malicious Prosecution
### Virginia Law

104.    The foregoing paragraphs are incorporated by reference as if set forth fully herein.

105.    By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn and are liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

## COUNT 24
### Misdemeanor Warrant for Q3 July - September 2010
### Unreasonable Seizure
### Fourth and Fourteenth Amendments to the United States Constitution

106.    The foregoing paragraphs are incorporated by reference as if set forth fully herein.

107.    As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

108.    By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

**COUNT 25**
**Misdemeanor Warrant for Q4 October - December 2010**
**Malicious Prosecution**
**Virginia Law**

109.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

110.     By her actions as alleged herein, which were malicious, willful and/or purposeful, and all of which took place without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages, based on malicious prosecution as defined by applicable Virginia law.

**COUNT 26**
**Misdemeanor Warrant for Q4 October – December 2010**
**Unreasonable Seizure**
**Fourth and Fourteenth Amendments to the United States Constitution**

111.     The foregoing paragraphs are incorporated by reference as if set forth fully herein.

112.     As the result of the foregoing, Bishop Patterson was deprived of his liberty and his property without due process of law, including but not limited to his right not be arrested or subjected to criminal prosecution without probable cause.

113.     By her actions as alleged herein, all of which took place under color of state law, and without probable cause, Lawhorn is liable to Bishop Patterson for actual damages as well as punitive damages and attorneys' fees, based on unreasonable seizure as defined by applicable federal law.

     WHEREFORE, Bishop Patterson prays for the following relief;

     (a)     that he be granted judgment against Lawhorn for actual damages, in an amount to be determined by the law and the evidence;

     (b)     that he be granted judgment against Lawhorn for punitive damages in an amount to be determined by the law and the evidence;

(c)     that he be granted an award of attorneys fees and costs incurred in connection with the litigation of the Counts of this Complaint arising under the United States Constitution, said award to be entered against Lawhorn as authorized by 42 U.S.C. § 1988;

(d)     that he be awarded prejudgment interest, accruing from the date of his arrests on the various warrants through the date of judgment in his favor, as well as post-judgment interest, at such rates as are provided by law.

(e)     that he be awarded such other relief as may be appropriate.

PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY

Respectfully submitted,

LESLIE PATTERSON


By:  /s/ Stephen C. Piepgrass
      Of Counsel

William H. Hurd (VSB #16967)
Stephen C. Piepgrass (VSB #71361)
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218
(804) 697-1335
(804) 698-6058 (fax)
william.hurd@troutmansanders.com
stephen.piepgrass@troutmansanders.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of June 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of the foregoing to:

Ryan Douglas Doherty
Office of the Attorney General (Richmond)
900 E. Main St.
Richmond, VA 23219
Telephone: (804) 371-2087
Facsimile: (804) 371-2087

*Counsel for Defendants*

/s/ Stephen C. Piepgrass
William H. Hurd (VSB No. 16967)
Stephen C. Piepgrass (VSB No. 71361)
Brendan H. Connors (VSB No. 83161)
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia  23218
 (804) 697-1200 Telephone
 (804) 698-6061 Facsimile

*Counsel for Plaintiff*

26283793

23